UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


ROBERT BARABINO,                      No. 2:04-cv-2359-MCE-PAN

          Plaintiff,

     v.                               <u>MEMORANDUM AND ORDER</u>

DAN GAMEL, INC.; FLEETWOOD
ENTERPRISES, INC., FLEETWOOD
MOTOR HOMES OF PENNSYLVANIA,
INC.,

          Defendants.


                    ----oo0oo----

     Plaintiff Robert Barabino ("Plaintiff") concurrently seeks
to amend his Complaint in this matter and to extend the discovery
cut-off currently in effect.  As set forth below, both motions
entail modification of the Court's Pretrial (Status) Scheduling
Order of March 31, 2005 ("Scheduling Order") and both motions
will be granted.[1]

_____

     [1]Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefing.  E.D.
                                        (continued...)

1

## BACKGROUND

2

3          The Court's Scheduling Order provides in pertinent part that

4   no further amendment of pleadings will be permitted "without

5   leave of court, good cause having been shown". (March 31, 2005

6   Scheduling Order, 1:25-26). Additionally, the Scheduling Order

7   provides that non-expert discovery be completed not later than

8   November 25, 2005. (<u>Id.</u> at 2:5-6). By subsequent Order filed

9   December 29, 2005, that deadline was extended to January 31,

10  2006.

11         Plaintiff's attorney now alleges that during the deposition

12  of her client, which occurred on February 24, 2006 (after the

13  discovery cut-off, and apparently by stipulation of the parties

14  to depose Mr. Barabino at that later time), counsel for Defendant

15  Fleetwood questioned Plaintiff about whether anyone associated

16  with Co-Defendant Gamel had told him that the recreational

17  vehicle at issue in this lawsuit had previously been used as a

18  daily rental. Plaintiff claims he was unaware of this

19  possibility beforehand. Because his expert believes the wear and

20  tear associated with such rental could explain the vehicle's

21  deficiencies, Plaintiff now wants to pursue additional discovery

22  associated with such rental. In addition, Plaintiff asks to

23  amend his Complaint to include additional facts gleaned through

24  discovery and to assert further claims against Defendant Gamel as

25  a result of that discovery.

26

27  _____

          [1](...continued)
28  Local Rule 78-230(h).

1    While Defendants appear to claim that Plaintiff should have
2    discovered any issue pertaining to potential rental of the
3    vehicle earlier, through agreement of the parties the deposition
4    of Defendant Gamel has been postponed until April 18, 2006.  In
5    his Reply to the Motion for Extension of Discovery Cut-Off,
6    Plaintiff limits his request for additional discovery to a
7    request that Gamel "produce additional documents at its
8    deposition, limited to the issue of the use of Plaintiff's RV as
9    a daily rental or demonstrator unit."  (Reply, 1:22-26).
10   Defendants do not assert that Plaintiff was remiss in not
11   scheduling the Gamel deposition earlier, and make no specific
12   argument that Plaintiff could have uncovered facts pertaining to
13   rental of the vehicle by Gamel prior to that time, had counsel
14   for Defendant Fleetwood not raised the issue at Plaintiff's own
15   deposition.

16       Additionally, in opposing Plaintiff's request to amend his
17   Complaint, Defendants focus almost exclusively on the fact that
18   Plaintiff's late request will impact their ability to file a
19   dispositive motion challenging the sufficiency of the Complaint,
20   since the deadline for filing such motions under the Scheduling
21   Order falls on the same day the motions presently before the
22   Court are set.
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1   While Defendant Fleetwood makes a passing comment that allowing

2   Plaintiff to add additional facts through an amended complaint

3   would entail prejudice by precluding Fleetwood from "conducting

4   discovery on the Amended Complaint" (Opp. to Mot. to Amend

5   Compl., p. 5), elsewhere in its Opposition Fleetwood appears to

6   agree with Plaintiff's assessment that most of the additional

7   facts were generated through discovery, and Fleetwood makes no

8   concrete representation that additional discovery on its part

9   will in fact be necessary.  Moreover, for its part, Defendant

10  Gamel makes no argument for any prejudice whatsoever aside from a

11  claim mirroring that made by Fleetwood that any new claims would

12  not be subject to challenge absent modification of the date for

13  filing dispositive motions.

14      In mitigation, should Plaintiff's request to amend be

15  granted, Defendant Fleetwood requests that the deadline for

16  filing dispositive motions be continued approximately thirty days

17  in order to permit a challenge to the new pleading.  Fleetwood

18  points out that such a continuance would not interfere with the

19  timely filing of the parties' Joint Pretrial Statement (due on

20  June 19, 2006), and would not necessitate a continuance of either

21  the July 3, 2006 Final Pretrial Conference or the August 30, 2006

22  trial date.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

**STANDARD**

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16,[2] that Rule's standards control.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).  Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause."  <u>See</u> Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  <u>Johnson</u>, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

<u>Id.</u> (citations omitted).

///

///

///

///

///

---

[2]  Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

**ANALYSIS**

Plaintiff asserts he could not reasonably have discovered that the recreational vehicle at issue herein may have been used as a daily rental prior to its sale to him as a "new" vehicle. In opposition, Defendants provide no specifics as to what additional discovery Plaintiff could have done to have discovered that potential issue earlier.  The proposed additional discovery is minor and can be accommodated within the confines of a deposition (the person most knowledgeable at Defendant Gamel) already agreed to by the parties.  Under the circumstances, Plaintiff has demonstrated "good cause" for modifying the existing discovery cut-off with respect to documents to be produced at the Gamel deposition.

With respect to amending the Complaint, again the focus must be on Plaintiff's diligence in not doing so earlier, although potential prejudice may also be considered.  Johnson, 975 F.2d at 609.  Insofar as amending the Complaint to conform with facts obtained through the discovery process is concerned, the Declaration of Plaintiff's counsel, Sharon Kinsey, details how the press of other business and substantial disruptions at her office prevented that from being accomplished earlier.  The defense does not take issue with Ms. Kinsey's explanation in that regard other than to state generally that her case handling has been "dilatory".[3]

---

[3]Significantly, neither Defendant believes that Plaintiff's counsel has acted in bad faith in her handling of this lawsuit.
(continued...)

In addition, Plaintiff's counsel cannot be deemed less than diligent in failing to anticipate the rental issue for the same reason that she demonstrated good cause to explore that issue further in discovery, as enumerated above.

Finally, since the Court will permit an extension of the deadline for filing dispositive motions to conform with its permission for filing an amended complaint, Defendants have also demonstrated no concrete prejudice resulting from the amended pleading.

**CONCLUSION**

Good cause having been shown, the Court's Scheduling Order will be modified 1) to permit the immediate filing of Plaintiff's proposed First Amended Complaint for Damages as attached to the Declaration of Sharon L. Kinsey filed in support of Plaintiff's Motion to Amend Complaint; and 2) to permit extension of the deadline for conducting non-expert discovery to include the production of additional documents, limited to the issue of the use of Plaintiff's recreational vehicle as a daily rental or demonstrator unit, at the deposition of the person most knowledgeable at Defendant Gamel; and 3) to extend the hearing of any dispositive motions in this matter to May 15, 2006.
///

---

[3](...continued)
(Fleetwood Opp., p. 6, Gamel Opp., 2:13).  Fleetwood's counsel specifically describes Plaintiff's counsel as conducting her case honestly (even if untimely) throughout this litigation.

///

Subject to these conditions, Plaintiff's Motion to Amend Complaint, and his Motion to Extend Discovery Cut-Off, are accordingly GRANTED.


    IT IS SO ORDERED.


DATED: March 31, 2006

                                    _____
                                    MORRISON C. ENGLAND, JR
                                    UNITED STATES DISTRICT JUDGE

8