1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT BARABINO,
                                        2:04-cv-2359-MCE-PAN
12            Plaintiff,

13        v.                            MEMORANDUM AND ORDER

14   DAN GAMEL, INC., FLEETWOOD
     ENTERPRISES, INC., and
15   FLEETWOOD MOTOR HOMES OF
     PENNSYLVANIA, INC.
16
              Defendants.
17
                         ----oo0oo----
18

19
         Through the present action, Plaintiff Robert Barabino
20
     ("Plaintiff") alleges that Dan Gamel, Inc. ("Gamel"), Fleetwood
21
     Enterprises, Inc., and Fleetwood Motor Homes of Pennsylvania,
22
     Inc. (collectively "Defendants") breached various state and
23
     federal consumer protection laws during the course of selling him
24
     a Fleetwood recreational vehicle.[1]
25
     ///
26

27        [1]Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 78-230(h).

                               1

1     Plaintiff specifically alleges that all Defendants violated
2   the California Song-Beverly Consumer Warranty Act ("Song-Beverly
3   Act"), Cal. Civ. Code §§ 1790 et seq.; the Magnuson-Moss Warranty
4   Act ("MMWA"), 15 U.S.C. §§ 2301 et seq.; the Consumer Legal
5   Remedies Act ("CLRA"), Cal. Civ. Code §§  et seq.; and
6   California's Unfair Competition Law, Cal. Bus. and Prof. Code §§
7   17200 et seq. ("Five Claims").  Plaintiff further alleges against
8   Gamel only, claims of fraud in inducement, negligent
9   misrepresentation, and violations of Automobile Sales and Finance
10  Act, Cal. Civ. Code §§ 2981 et seq., the Federal Odometer Law,
11  and the Fair Debt Collection Practices Act, Cal. Civil Code §
12  1788.17.  Fleetwood Enterprises, Inc. and Fleetwood Motor Homes
13  of Pennsylvania, Inc. (collectively, "Fleetwood") have moved for
14  summary judgment or, in the alternative, summary adjudication of
15  the Five Claims against them.  For the reasons set forth below,
16  Fleetwood's Motion is granted in part and denied in part.

17

18                              **BACKGROUND**

19

20     During November and December of 2001, Plaintiff negotiated
21  with Gamel for the purchase of a new 2001 Fleetwood Bounder 39Z
22  ("Bounder").  On December 22, 2001, Plaintiff entered into an
23  agreement with Gamel to purchase the Bounder.  Pl.'s Compl. at ¶¶
24  11, 14.  Although the Bounder was purchased in December of 2001,
25  it was not delivered to Plaintiff until April 28, 2002.  Gamel
26  informed Plaintiff that delivery was delayed because the Bounder
27  had various mechanical problems which needed to be repaired by
28  the dealer prior to delivery.  Pl.'s Compl. at ¶ 25.

Rather than taking delivery of the Bounder at the Gamel dealership in California, Plaintiff elected to take delivery in Reno, Nevada.  Plaintiff's sole purpose for taking delivery of the Bounder outside of California was to avoid California sales tax.  After delivery, problems developed with the Bounder which required it to be taken in for repairs approximately eleven times between April of 2002 and November of 2004.  Plaintiff now seeks compensation pursuant to both state and federal consumer protection statutes.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof.");  *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Township of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

1     The standard that applies to a motion for summary

2  adjudication is the same as that which applies to a motion for

3  summary judgment.  *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v.*

4  *ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

5          Under summary judgment practice, the moving party
           always bears the initial responsibility of informing
6          the district court of the basis for its motion, and
           identifying those portions of 'the pleadings,
7          depositions, answers to interrogatories, and admissions
           on file together with the affidavits, if any,' which it
8          believes demonstrate the absence of a genuine issue of
           material fact.
9

10 *Celotex Corp. v. Catrett*, 477 U.S. at 323(quoting Rule 56(c)).

11     If the moving party meets its initial responsibility, the

12 burden then shifts to the opposing party to establish that a

13 genuine issue as to any material fact actually does exist.

14 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

15 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S.

16 253, 288-89 (1968).

17     In attempting to establish the existence of this factual

18 dispute, the opposing party must tender evidence of specific

19 facts in the form of affidavits, and/or admissible discovery

20 material, in support of its contention that the dispute exists.

21 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that

22 the fact in contention is material, i.e., a fact that might

23 affect the outcome of the suit under the governing law, and that

24 the dispute is genuine, i.e., the evidence is such that a

25 reasonable jury could return a verdict for the nonmoving party.

26 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52

27 (1986); *Owens v. Local No. 169, Assoc. of Western Pulp and Paper*

28 *Workers*, 971 F.2d 347, 355 (9th Cir. 1987).

                                    4

Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

///

///

///

///

///

///

**ANALYSIS**

**1.    Express Warranty; Song-Beverly Act**

Fleetwood first contends that because Plaintiff took delivery of the Bounder out of state, California's Song-Beverly Act is inapplicable.  California law is clear that where title passes outside of California, the Song-Beverly Act does not apply.  *Cummins, Inc. v. Superior Ct.*, 36 Cal. 4th 478 (2005).  In addition, a recent California appellate court held that, under California law, title to a motor home passes upon and at the place of delivery.  *Davis v. Newmar Corp.*, 136 Cal. App. 4th 275 (Cal. Ct. App. 2006).

In response, Plaintiff argues that the Court should reject the *Davis* holding.  Specifically, Plaintiff avers that California law applies to the case at bar based on the Restatement (Second) of Conflict of Laws § 191 and that the *Davis* holding is erroneous.  The Court disagrees.

In order for Plaintiff to enjoy the protections of the Song-Beverly Act, the sale must have consummated in California.  *See Id.* at 493.  A sale is deemed completed and consummated when the purchaser of a vehicle has paid the purchase price, or, in lieu thereof, has signed a purchase contract or security agreement, *and has taken physical possession or delivery of the vehicle.* Cal. Veh. Code § 5901(d) (emphasis added).  While Plaintiff may have negotiated the sale and even paid part of the purchase price in California, the sale was not consummated until he took "physical possession or delivery of the vehicle" in Nevada.  *Id.*

6

The foregoing dispositively resolves the issue.  However, in an abundance of caution, the Court further notes that the California Uniform Commercial Code supports the Court's finding that title passed to Plaintiff in Nevada.  Specifically, the Code provides that:

> "[u]nless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place."

Cal. U. Com. Code § 2401 (2006).

Given that the sale consummated in Nevada and that the Song-Beverly Act does not apply to sales made outside the state of California, Fleetwood's Motion for Summary Adjudication of Plaintiff's first and second causes of action based on the Song-Beverly Act is granted.

**2.   Magnuson-Moss Warranty Act - Express Warranty**

The MMWA permits "a consumer who is damaged by the failure of a supplier [or] warrantor ... to comply with any obligation under this chapter [15 U.S.C. §§ 2301 et seq.], or under a written warranty [or] implied warranty" to sue in United States district court.  15 U.S.C. § 2310(d).  In order for a warrantor warranting a consumer product by means of a written warranty to meet the federal minimum standards for warranty, such warrantor must remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty.  *Id.* at 2304(a)(1).

7

1  The warrantor must remedy the defects or malfunctions within a

2  reasonable number of attempts by the warrantor.  *Id.* at

3  2304(a)(4).  In the event the warrantor fails to remedy the

4  identified issue within a reasonable number of attempts, the

5  warrantor must permit the consumer to elect either a refund for,

6  or replacement without charge of, such product or part.  *Id.*

7      Fleetwood seeks summary adjudication of this claim on the

8  ground that Plaintiff has failed to establish that any non-

9  conformities existed in the box portion of the Bounder.

10 Plaintiff rebuts that there are myriad issues of material fact

11 regarding whether Fleetwood remedied identified issues within a

12 reasonable time or within a reasonable number of attempts.  More

13 precisely, Plaintiff argues that during the first 467 days of

14 ownership, the Bounder was out of service for a total of 214 days

15 representing a significant breach of warranty.

16     The Court finds that issues of material fact exist with

17 respect to whether Fleetwood remedied the defects that Plaintiff

18 identified as required by the MMWA.  The Court is not persuaded

19 that the Bounder was entirely conforming as Fleetwood contends.

20 Instead, the Court finds that Plaintiff has satisfied his burden

21 of showing issues of material fact sufficient to preclude summary

22 adjudication of this claim.  Consequently, Fleetwood's Motion for

23 Summary Adjudication of Plaintiff's third claim is denied.

24 ///

25 ///

26 ///

27 ///

28 ///

**3.    Magnuson-Moss Warranty Act - Implied Warranty**

Fleetwood seeks summary adjudication of Plaintiff's fourth cause of action for breach of the implied warranty of merchantability brought under the MMWA.  Fleetwood contends that this claim fails because there is no viable state law claim upon which the MMWA claim can be based.  The Court agrees.

As an initial matter, while the Plaintiff's MMWA claim constitutes a separate federal cause of action for breach of an implied warranty, courts must look to the relevant state law to determine the meaning and creation of any implied warranty.  *See* 15 U.S.C. § 2301(7) ("The term 'implied warranty' means an implied warranty arising under State law ... in connection with the sale by a supplier of a consumer product.")  Significantly, it has been uniformly held that Magnuson-Moss does nothing to alter or modify state law requirements.  *See Gill v. Blue Bird Body Co.*, 147 Fed. Appx. 807, 810 (11th Cir. 2005); *see also Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 291 (4th Cir. 1989) *; Walsh v. Ford Motor Co.*, 257 U.S. App. D.C. 85, 807 F.2d 1000, 1011 (D.C. Cir. 1986) ("Under the terms of Magnuson-Moss, state law governs the existence and basic meaning of implied warranties."); *Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, 798 (Cal. Ct. App. 2002) ("State law applies in breach of warranty actions as to both implied and written warranty claims under Magnuson-Moss, except as expressly stated by that act.")  Accordingly, absent a viable claim arising under California law, this cause of action must be summarily adjudicated in favor of Fleetwood.

Plaintiff maintains that his MMWA claim should proceed based on implied warranty rights arising under both the Song-Beverly Act and the California Uniform Commercial Code ("UCC Claim"). *See* Cal. U. Comm. Code § 2314.  As explained above, the Court finds that Plaintiff cannot proceed on a claim under the Song-Beverly Act.  Accordingly, his MMWA claim based solely on his underlying Song-Beverly Act fails.  The question remains, however, whether the implied warranties existing under the Commercial Code can provide the basis for Plaintiff's MMWA claim.

In resolving this question, the Court must first examine the relationship between the Song-Beverly Act and the Commercial Code to determine the extent to which, if any, the Song-Beverly Act has a preclusive effect on the earlier enacted Commercial Code. Pursuant to California Civil Code section 1790.3, the Song-Beverly Act does not affect rights and obligations under the Commercial Code, except that where provisions conflict, the Song-Beverly Act prevails over the Commercial Code.  The question thus becomes whether there is a conflict between the Song-Beverly Act and the Commercial Code.

As discussed in detail above, the Song-Beverly Act implied warranties apply only to vehicles sold in California.  Cal. Civ. Code § 1792 ("every sale of consumer goods that are sold at retail *in this state* shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable")(emphasis added).  Conversely, the Commercial Code contains no such limitation.

///

///

10

1      It is a generally accepted rule of statutory construction

2  that a general statute must give way

3   to a more specific statute addressing the same subject.  *De Anza*

4  *Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz*

5  *Mobile Estates*, 94 Cal. App. 4th 890, 912 (Cal. Ct. App. 2001)

6  (citing *Schmidt v. Superior Ct.*, 48 Cal. 3d 370, 383 (1989)

7  (under traditional principles of statutory interpretation, later

8  enacted and more specific provisions prevail over more general

9  provisions.)

10      Here, the Commercial Code must bow to the later enacted

11  Song-Beverly Act that limits implied warranties to those vehicles

12  sold in California.  Because Plaintiff did not purchase the

13  Bounder in California, his MMWA cause of action based on

14  Fleetwood's alleged violation of the Commercial Code fails.

15  Accordingly, Fleetwood's Summary Adjudication Motion as to

16  Plaintiff's fourth cause of action is granted.

17

18  **4.   Unfair Business Practices Act**

19

20      Plaintiff concedes that Fleetwood is entitled to Summary

21  Adjudication on Plaintiff's eleventh cause of action.

22  Accordingly, summary adjudication as to Plaintiff's eleventh

23  cause of action is proper and hereby granted.

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

The Court grants Summary Adjudication in favor of Fleetwood on Plaintiff's first and second causes of action based on the Song-Beverly Act; Plaintiff's fourth cause of action based on the MMWA; and Plaintiff's eleventh cause of action based on California's Unfair Business Practices Act.  However, the Court denies Fleetwood's Motion for Summary Adjudication on Plaintiff's third cause of action for breach of express warranties under the MMWA.

IT IS SO ORDERED.

DATED: July 25, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE